# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ERIC BLEDSOE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 2:17-CV-02390 |
| | ) |
| CHERRY LINDAMOOD, Warden | ) |
| | ) |
|     Respondent. | ) |

**ORDER**

On June 6, 2017, Petitioner Eric Bledsoe filed this *pro se* motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2254 (the "§ 2254 Motion"). Petitioner challenges his sentence in State v. Bledsoe, No. W2012-01643-CCA-R3-CD, 2013 WL 3968780 (Tenn. Crim. App. July 31, 2013), perm. app. denied (Tenn. Nov. 14, 2013).

Before the Court are three motions: (1) Petitioner's Motion to Hold Writ of Habeas Corpus in Abeyance, filed on June 6, 2017 (ECF No. 3); (2) Petitioner's Motion to Check Out Appellate Record, filed on June 6, 2017 (ECF No. 4); (3) Respondent Cherry Lindamood's Motion to Dismiss Petition for Writ of Habeas Corpus for Failure to Exhaust State Remedies ("Motion to Dismiss"), filed on August 1, 2017 (ECF No. 12; see also ECF No. 12-1).

Petitioner responded to Respondent's Motion to Dismiss on August 25, 2017. (ECF No. 14.)

For the following reasons, Respondent's Motion to Dismiss and Petitioner's Motion to Hold Writ of Habeas Corpus in Abeyance are DENIED AS MOOT. Petitioner's Motion to Check Out Appellate Record is RESERVED pending the filing of Respondent's amended motion.

**I. Background**

On May 17, 2012, petitioner was convicted by a jury in the Criminal Court of Shelby County, Tennessee, of aggravated rape, aggravated burglary, and theft of property over $1000. Bledsoe, 2013 WL 3968780, at *1. He was sentenced to 65 years in prison. Id. The Tennessee Court of Criminal Appeals affirmed Petitioner's convictions. Id. at *8.

On June 6, 2017, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254 challenging his convictions. (ECF No. 1.) Petitioner argues that his convictions are invalid because he was denied due process, he received ineffective assistance of counsel, and his convictions violate Jackson v. Virginia, 443 U.S. 307 (1979). (Id. at 4-11.)[1]

Also on June 6, 2017, Petitioner filed a Motion to Hold Writ of Habeas Corpus in Abeyance and Petitioner's Motion to

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2

Check Out Appellate Record. (ECF No. 3; ECF No. 4.) The Motion to Hold Writ of Habeas Corpus in Abeyance asks the Court to "stay[] his federal case until he has had an opportunity to present his claims for full consideration to the Tennessee [Supreme] [C]ourt." (ECF No. 3 at 23.)

On August 1, 2017, Respondent filed the Motion to Dismiss. Respondent argues that "this Court should deny [Petitioner's] motion to hold his petition in abeyance and dismiss his [§ 2254] petition without prejudice" because "Petitioner's state court remedies are . . . not fully exhausted." (ECF No. 12-1 at 35.) Petitioner responded on August 25, 2017. (ECF No. 14.) Petitioner asks the Court to "keep [his] Writ of Habeas Corpus Held in Abeyance due to continual lockdowns at this prison facility . . . which cause[] [a] delay in working on [the] case." (Id. at 60.)

## II. Analysis

Respondent is correct that, "[a]s a general rule, state prisoners seeking federal habeas relief must first exhaust all of their available state court remedies." (ECF No. 12-1 at 36.) When Petitioner filed his § 2254 Motion, he had not exhausted his state court remedies. Petitioner's Rule 11 application for permission to appeal his conviction was pending before the Supreme Court of Tennessee. (Id. at 36.) This Court lacked authority to grant Petitioner's § 2254 motion. 28 U.S.C. §

3

2254(b); see Hannah v. Conley, 49 F.3d 1193, 1195 (6th Cir. 1995).

On August 18, 2017, shortly after Respondent had filed her Motion to Dismiss, the Supreme Court of Tennessee issued an Order denying Petitioner's application for permission to appeal. Bledsoe v. Tennessee, No. W2016-00419-SC-R11-PC (Tenn. Aug. 18, 2017) (per curiam). The Supreme Court denied Petitioner's last available state court remedy. Petitioner has exhausted his state court remedies.

Respondent's Motion to Dismiss is DENIED AS MOOT. To the extent Respondent continues to believe that Petitioner's § 2254 Motion should be dismissed, Respondent shall file an amended motion by November 6, 2017.

**III. Conclusion**

For the foregoing reasons, Respondent's Motion to Dismiss and Petitioner's Motion to Hold Writ of Habeas Corpus in Abeyance are DENIED AS MOOT. Petitioner's Motion to Check Out Appellate Record is RESERVED pending the filing of Respondent's amended motion.

So ordered this 23rd day of October, 2017.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE